1  | Pro Se
   | Harriet Menezes
2  | 169 Thoreau Street, Apt. 8
   | Concord, MA 01742
3

4

5

6  | Harriet Menezes,                          ) CIVIL ACTION
   |                                           )
7  |              Plaintiff,                   ) Case No.:
   |                                           )
8  |      vs.                                  )
   |                                           )
9  | Association of Flight Attendants, et      )
   |                                           )
10 | al and United Airlines, Inc., et al.      )
   |                                           )
11 |              Defendants                   )
   |                                           )
12 |                                           )
   |                                           )
13 | _____      )

14

15                    MOTION FOR APPOINTMENT OF COUNSEL

16  1. I respectfully request appointment of counsel to proceed in my case, pro

17     bono, 28 USC sec. 1915.

18  2. There is complexity of joinder and jurisdiction beyond my understanding

19     (Fed R Civ. P 23.2 Actions Relating to Unincorporated Associations). Thus,

20     I submit two related claims: a Federal Question for Massachusetts

21     defendants and the union; and Federal Diversity for United Airlines

22     incorporation, and members of the union out of state.

23  3. My current income is $740/month, and $370/month from a life insurance

24     policy that may cancel pending my ability to work.

25  4. I have attempted to secure legal counsel as follows: I have contacted the

       National Labor Relations Board (November 22, 2003 charge removed), the

1   National Mediation Board, the various U.S. Department of Labor, and office

2   of the Attorney General.

3  5. The American Bar Association, Massachusetts Bar Association, Middlesex

4   County Bar Association, and Board of Bar Overseers.

5  6. The Lawyers Guild; Legal Advocacy & Resource Center; the Volunteer Lawyers

6   project, and the Greater Boston Legal Services.

7  7. The Boston Bar Association referred me to reduced fee #67203 Attorney

8   Scott Adams, and #67448 reduced fee to Robert Thomas who I have not been

9   able to afford to talk to.

10 8. Law school clinics and labor law professors in Boston (Prof. Marc

11   Greenbaum of Suffolk; Prof. Richard Zaiger of Boston College).

12 9. The National Right to Work Legal Defense Foundation, Inc. rejected case.

13 10.   The American Civil Liberties Union, Michael Avitzur (November, 2003).

14 11.   Labor Arbitration NE, Roger Abrams.

15 12.   Massachusetts office on disability; EEOC office; ADA hotline; and the

16   Massachusetts Commission Against Discrimination.

17 13.   Massachusetts Continuing Legal Education (July, 2003).

18 14.   Catholic Charities for Boston College Law School support.

19

20

21                                  Dated this 23rd day of February, 2004

22                                  *Harriet Menezes*
                                    Harriet Menezes
23                                  169 Thoreau Street, 8
                                    Concord, MA 01742
24                                  Pro Se
                                    (978)369-4693

25

COMPLAINT - 2

1  Pro Se
   Harriet Menezes
2  169 Thoreau Street, Apt. 8
   Concord, MA 01742

3

4

5

6  Harriet Menezes,                        )  Civil Action
                                           )
7            Plaintiff,                     )  Case No.:
                                           )
8       vs.                                 )  Complaint - By employee against
                                           )  employer and union under Sec. 301 of
9  Association of Flight Attendants,        )  LMRA for compensatory damages for
                                           )  unlawful discharge and breach of
10 CWA, AFL-CIO, and Karen Scopa           )  union's duty of fair representation,
   individually and as President of        )  and for reinstatement [29 USCA Sec.
11 Association of Flight Attendants         )  185, Fed R Civ. P 3, 7(a), 8(a)];
                                           )  Labor Management Reporting and
12 Boston, Sue Cook individually and as    )  Disclosure Act 29 CFR, part 401-459;
   representative Secretary Association     )  and violation of Civil Rights Act,
13 of Flight Attendant Boston               )  Title VII; and Americans with
                                           )  Disabilities Act; Family Medical
14                                          )  Leave Act; Railway Labor Act; breach
   and Steve Fontakis individually and     )  of contract and Whistleblower
15 as Manager at United Airlines           )  Protection Act.

16

17 and Paula DiMartino as Administrative
   Supervisor at United Airlines
18           Defendants

19 _____

20                      COMPLAINT

21                       Parties

22 1. Defendant Company representative Steve Fontakis is a manager of United

23    Airlines which is a corporation organized and existing under the laws of

24    the State of Illinois, and has its principal office and place of business

25    located in the City of Elk Grove Village, State of Illinois, within the

1   Pro Se
    Harriet Menezes
2   169 Thoreau Street, Apt. 8
    Concord, MA 01742

3

4

5

6   Harriet Menezes,                    )  Civil Action
                                        )
7              Plaintiff,               )  Case No.:
                                        )
8        vs.                            )
                                        )
9   Association of Flight Attendants,   )
    CWA, AFL-CIO, and Karen Scopa       )
10                                      )
    individually and as President of    )
11  Association of Flight Attendants    )
    Boston, Sue Cook individually and as)
12                                      )
    representative Secretary Association )
13  of Flight Attendant Boston          )
                                        )
14                                      )
    and Steve Fontakis individually and )
15  as Manager at United Airlines
16
    and Paula DiMartino as Administrative
17  Supervisor at United Airlines
18             Defendants
19  _____

20                          COMPLAINT

21                           Parties

22  1. Defendant Company representative Steve Fontakis is a manager of United

23     Airlines which is a corporation organized and existing under the laws of

24     the State of Illinois, and has its principal office and place of business

25     located in the City of Elk Grove Village, State of Illinois, within the

                            COMPLAINT - 1

1    territorial jurisdiction of this Court. This defendant is engaged in

2    aviation transportation in interstate commerce and, at all times mentioned

3    herein, was an employer in an industry affecting commerce, as defined in

4    sections 2(2) and 501(1) and (3) of the Act (29 USCA secs. 152(2), 142(1)

5    and (3)), and within meaning of Sec. 301 of the Act (29 USCA & secmk;

6    185).

7  2. Defendant representative of United Airlines, Company, Steve Fontakis',

8    Manager of In-flight, principal place of business is Boston Logan

9    International Airport; Defendant representative of United Airlines,

10   Company, Paula DiMartino, is the administrative supervisor.

11 3. Defendant representatives of Association of Flight Attendants Union

12   Council 27 Boston Karen Scopa (President) and Sue Cook's (Secretary)

13   principal place of business is Boston Logan airport.

14 4. Defendant Union the Association of Flight Attendants-CWA is, and at all

15   times hereinafter mentioned was, a labor organization representing

16   employees in an industry affecting commerce as defined in secs. 2(5) and

17   501(1) and (3) of the Act (29 USCA sec. 152(5), 142(1) and (3)), and

18   within the meaning of sec. 301 of the Act (29 USCA sec. 185). During all

19   times hereinafter mentioned, this defendant was the recognized collective

20   bargaining representative of the bargaining union of Company's flight

21   attendants, including plaintiff, employed in Company's In-flight

22   department, at its location in Boston, Logan International Airport.

23

24                              Jurisdiction

25 5. Plaintiff brings this action under, and jurisdiction thereof is conferred

     on this Court by virtue of Sec. 301 of the Labor Management Relations Act,

1   1947 (29 USCA Sec. 185), hereinafter referred to as the Act, to recover

2   damages for plaintiff's unlawful discharge by United Airlines, Inc.

3   (Company), who is plaintiff's employer and their representatives, and for

4   breach by defendant Association of Flight Attendants (CWA, AFL-CIO) Local

5   Union and their representatives, of its duty of fair representation owing

6   to plaintiff, and for reinstatement by said employer.

7

8                                    Facts

9   6. Plaintiff was employed by the Company United Airlines on April 17, 1999,

10     as a flight attendant, and was continuously in their employ in that

11     classification until August 29, 2003, when plaintiff was unlawfully

12     discharged by defendant, as is more specifically hereinafter alleged.

13  7. As required by United Airlines, the plaintiff was a compulsory member of

14     the Association of Flight Attendants. The plaintiff was on a work-related

15     medical leave from October 2002 through the date of discharge, August

16     2003. On August 8, 2003, plaintiff stopped by the United Airlines office

17     to drop off a medical note stating plaintiff "Would like to... attempt to

18     return to work." and a copy of workers compensation order. She also called

19     crew scheduler to inquire of return to work training dates.

20  8. From September 2001, the plaintiff sought medical counsel for post-

21     traumatic stress after events of September 11, 2001. Pending the Iraqi

22     conflict with higher airline security issues, the plaintiff requested

23     intermittent Family Medical Leave which would allow her to work but

24     permitted her a sick day without being disciplined. On September 18,

25     2002, United Airlines administrative supervisor (Paula DiMartino) sent an

       internal email to plaintiff stating her Family Medical leave had been

1    The plaintiff received a letter dated May 15, from Steve Fontakis,

2    regarding her allegations. The plaintiff received a letter dated May 16

3    with a balance due of $117, from the union's international treasurer Paul

4    MacKinnon stating "As of April 30, 2003, we have not received ... other

5    information.""15 days ... information". "Requesting termination of

6    employment." On May 30, 2003 and August 1, 2003, a certified mail receipt

7    was signed by the Association of Flight Attendants. A non-certified letter

8    dated August 4, 2003 from union Paul MacKinnon stated "We herewith call

9    upon the company to terminate employment." On August 14, 2003 certified

10   mail was sent to United Frank Colosi to dispute validity of Paul

11   MacKinnon's action of termination. On August 18, 2003 Plaintiff called her

12   United Airline's supervisor, Sherry Desmond. The supervisor was on

13   vacation until August 29. A Federal Express letter dated August 27, 2003

14   from United Airlines Frank Colosi stated termination of the plaintiff's

15   employment effective August 29, 2003 (letter copied to AFA union Karen

16   Scopa).

17   12.    Plaintiff received a September 7, 2003 letter from United stating her

18   medical benefits were to terminate. On September 9, 2003, the plaintiff

19   received an electric shut-off notice from her light department. In

20   summary, during 2003 while the plaintiff, diagnosed with a brain tumor,

21   was undergoing medical treatment and financial hardship she was barraged

22   by actions for missed dues, unprocessed grievances, United's appeal to

23   industrial accident, United's appeal to unemployment, discipline for

24   illness, and termination contemporaneously with an action for bankruptcy.

25   13.    On December 3, 1997, defendants herein entered into a collective

     bargaining agreement covering the employees, including plaintiff, in the

1  bargaining unit, which agreement was in force during the entire period

2  involved herein. Both defendants have copies of the agreement, and for

3  that reason none is attached hereto. The agreement was entered into by

4  defendants for the benefit of the employees in the bargaining unit, and

5  plaintiff, as a member thereof, is accordingly entitled to the benefit of

6  the agreement and to enforce the provisions thereof.

7  14.    Section 30 of the collective bargaining agreement, entitled Union

8  Security, provides that a copy of discharge letter go to the Senior Vice

9  President of the company regarding delinquent dues.

10  15.    Section 30 of the collective bargaining agreement, entitled Union

11  Security, "D. Review Procedures" establishes a procedure, for the

12  presentation and disposition of grievances, and expressly provides that

13  all cases of discharge, for whatever cause, shall be subject to the

14  grievance procedure. This Articles reads in part as follows: "1. A

15  grievance by an employee who is to be discharged as a result of an

16  interpretation or application of the provisions of this Section shall be

17  subject to the following procedures. a. An employee who believes that the

18  provisions of this Section have not been properly interpreted or applied

19  as it pertains to her/him may submit a request for review in writing

20  within five days from the date of notification by the Director Labor

21  Relations-Inflight, as provided ... b. The Director Labor Relations –

22  Inflight/designee shall forward a decision to the employee with a copy to

23  the Union. Said decision shall be final and binding on all interested

24  parties unless appealed as herein provided.  If the decision is not

25  satisfactory to either the employee or the Union, then either may appeal

the grievance within ten (10) days from the date of the receipt of such

1    decision ... All such grievances shall be processed.... Such grievances

2    shall be heard by the System Board within six months of receipt of the

3    decision by the Director Labor Relations-Inflight.  2. During the period a

4    grievance is being handled.. the employee shall not be discharged from the

5    Company."

6  16.    Section 30 of the collective bargaining agreement, entitled Union

7    Security, Section H. "General" provides that "collection of dues missed

8    because the employee's earnings were not sufficient to cover the payment

9    of dues ... will be the responsibility of the Union... It will be the

10    Union's responsibility to verify apparent errors with the individual Union

11    member ..."

12  17.    Article XI of the AFA Constitution and Bylaws, entitled "Hearing and

13    Appeal Procedures", establishes discipline for "refusing or willfully

14    neglecting to pay dues, initiation fee, assessments, fines or financial

15    obligations to the Union." The plaintiff's request for waiver and

16    assistance substantiates she did not refuse or willfully neglect dues.

17  18.    Article XII of the AFA Constitution and Bylaws, entitled "Delinquency,

18    Bad Standing and Loss of Membership", establishes that an employee may

19    make "satisfactory arrangements for payments". It also provides that an

20    employee may be subject to expulsion "provided that if the member's Local

21    Executive Council and the International Secretary-Treasurer of the Union

22    believe that extenuating circumstances exist, and the International

23    President concurs, the individual may be permitted to remain delinquent as

24    deemed reasonable." All certified mail and communication sent by the

25    Plaintiff to Paul MacKinnon, the International Secretary-Treasurer of the

1  Union were not responded to or acknowledged by the union except by U.S.
2  Postal Service return receipt.

3  19.   As alleged above, plaintiff was discharged by Company. The notice of
4  discharge recited, as the supposed reason for the action taken, that
5  plaintiff failed to pay union dues and the Union had failed to hear from
6  her. Plaintiff denies that she willfully refused to pay union dues, and
7  further denies that there was "just cause" for her dismissal as required
8  by the agreement. Plaintiff alleges that the true reasons for her
9  discharge were retaliation for filing workers compensation claim;
10  retaliation for filing grievances; retaliation for claim of harassment
11  based on medical absence; disability; and plaintiff's comments on security
12  violations related to September 11, 2001 events; filing of aviation safety
13  reports on October 2, 2002 and July 2, 2002  (Federal Aviation
14  Administration, Whistleblower Protection Act).

15  20.   Plaintiff protested her discharge to defendant Union's representative
16  serving plaintiff's department by filing a grievance and written
17  correspondence. A grievance was not filed by defendant Union on
18  plaintiff's behalf. The grievance was not carried to any steps of the
19  grievance procedure by the defendant Union or Company.

20  21.   Defendant union failed to acknowledge or process grievances and instead
21  permitted the time for doing so to lapse. Defendant Union and Company did
22  not give advice or notice on remedies or process, on the contractual
23  grievance procedure and legal recourse. Plaintiff's filing of grievances,
24  telephone calls, and letters to remedy situation before and after
25  discharge of employment were futile pursuits. The matter of her discharge
filed as a grievance by plaintiff and efforts to process a grievance or to

COMPLAINT - 8

1   have the union process a grievance on September 29, 2003 (wrongful

2   discharge), and October 2002 (Family Medical Leave Act) were futile. Mr.

3   Frank Colosi who is United's labor relations manager, did not offer

4   procedure or remedies, or consent to an investigation when urged to do so

5   by plaintiff (August 14, 2003, September 29, 2003 and November 15, 2003).

6   22.   The plaintiff received a letter from Frank Colosi dated January 15,

7   [2004] which then gave notice that an appeal of his decision should have

8   been made within 10 days of August 27, 2003. The January 15 letter was

9   copied to International-Treasurer of union, Shirley Barber.

10  23.   Defendant union failed to acknowledge or process Plaintiff's request

11  for waiver of union dues. Nor did the defendant Union give the plaintiff

12  an option of a minimal burden of paying reduced Union dues in violation of

13  the Railway Labor Act, Sec 2, 45 USCA sec. 152, or notice of Becks rights

14  not to pay dues to the union or withdraw from the union, or to pay dues to

15  a charitable foundation (e.g. the Cause Foundation), or notice on dues

16  deferral (agenda item 29 of the union committee meeting of October 15-17

17  2002, and January 21-23, 2003). Defendant Union did discuss waiver of

18  union dues and granted waiver of union dues for those who were not on

19  medical leave (Committee meeting January 21-23, 2003). Defendant Union

20  thus deferred from its usual practice or custom in the handling of dues

21  delinquencies. The Defendant Union did not give Plaintiff the following

22  opportunities (as outlined in the ABC's of Membership): 1. to have a

23  "promissory agreement to assist in payment of delinquent dues as afforded

24  other flight attendants; 2. Deferred – due to financial hardship; 3.

25  "Standing A" "FA's delinquency or dues billing are being researched"; 4.

    Grievance pending – dues not owed; 5. Non-paying. This flight attendant

1    has no obligation to AFA." The Defendant union waived its rights under 29

2    USCS sec. 158(b)(2) to seek discharge of employee for failure to pay union

3    dues in absence of granted waiver, or discussing late or partial payment

4    of dues. Requests of investigation into payment of union dues were sent to

5    Paul MacKinnon (AFA International Treasurer) via certified mail on May 28,

6    2003, and July 30, 2003. Plaintiff had returned dues bills with the back

7    form filled out with leave of absence box checked off. Adjustments on June

8    9, 2003 bill were made to February 2003 after telephone call to union

9    requesting waiver paperwork. Plaintiff made telephone call to defendant

10   union on April 30, 2003 stating she was not happy the voicemail box was

11   full for last few days, that the AFA had voided her voting ballot, that

12   she was on medical leave, and request for waiver. The April 18 letter from

13   AFA Paul MacKinnon stated balance of $156 is due, the May 16 letter stated

14   $117 balance reflecting plaintiff's contact with union.

15   24.   Plaintiff alleges the fact to be that defendant Union, in breach of its

16   statutory duty of fair representation owing to plaintiff under the

17   provisions of the Act, conspired with Company to permit plaintiff's

18   discharge to stand, although there was no just cause therefor; that the

19   negotiations between defendants with respect to plaintiff's grievance were

20   spurious, carried on in bad faith, and deliberately designed to give

21   plaintiff the false impression that a sincere effort was being made by

22   defendant Union to resolve the grievance by securing plaintiff's

23   reinstatement; that, unknown to plaintiff, the officials of defendant

24   Union, including Karen Scopa, the official who represented plaintiff's

25   grievance, were secretly hostile to plaintiff because of plaintiff's

     objections that Family Medical Leave Act grievance and medical grievances

COMPLAINT - 10

1  of plaintiff were not filed/processed (under violation of the Americans

2  with Disabilities Act, 42 USC sec. 12101 et seq. the union discriminated

3  and retaliated against plaintiff based on her work-related disability) and

4  therefore plaintiff's subsequent filing of a workers compensation claim,

5  and because plaintiff had a medical disability, and therefore the

6  defendant Union decided to acquiesce in plaintiff's discharge; that at

7  grievance meetings of defendants that were not attended by plaintiff it

8  was agreed between them that Company's action would not be opposed and

9  that no demand for arbitration of plaintiff's discharge would be made by

10  defendant Union. Defendant Union and Company with inexcusable neglect

11  failed to respond to grievances and request for investigation, under

12  actions that were arbitrary, discriminatory and in bad faith.

13  25.    From November 2002 through May 2003, Plaintiff inquired of defendant

14  Union representatives Karen Scopa and Sue Cook as to the status of her

15  grievances on sick leave policy and intermittent Family Medical Leave. No

16  explanation was given. Their unethical practice and behavior was reported

17  by the Plaintiff to the Association of Flight Attendants Employee

18  Assistance Program in May 2003. This included a derogatory messaged

19  conference call left on plaintiff's answer machine by Defendant union

20  representatives Karen Scopa who is the Boston council union President, and

21  Sue Cook who is the Boston Secretary.

22  26.    This is also an action of retaliation for speaking out against a union

23  official.

24  27.    This is also an action to establish liability of corporate officer for

25  corporation's wrongful conduct in relation to union representatives.

28.    This is also an action to establish liability of corporate officer for corporation's wrongful conduct in relation to United Airlines representatives.

29.    A meeting of executive boards were held May 20-21, July 22-34 and October 24-27, 2003, and January 13-15, 2004, where defendant Union had decided not to take her grievances on dues waiver and thereafter wrongful discharge to arbitration. Plaintiff alleges that the union officials constituting the executive board did not entertain grievances, that their decision not to demand arbitration was not an exercise of good faith judgement on their part, but, rather, was made because of their hostility to plaintiff and in pursuance of their conspiracy and agreement with the defendant Company as previously alleged.

30.    Both Defendant Union and defendant company representative, Paula DiMartino, discriminated against employee in violation of Title VII when they allowed all flight attendants during 2002 and 2003, except those on medical leave, to take a job-protected furlough. Flight attendants on medical leave were coerced to "clear medical" before they could take a furlough. Paula DiMartino is the contact for clearing medical.

31.    Section 704(a) of the Title VII of the 1964 Civil Rights Act ("Title VII"), (42 USC sec. 2000e(3)(a)) Retaliation). The plaintiff has a prima facie claim that her termination by United Airlines and the Association of Flight Attendants was due to retaliation thus in violation of Title VII. The plaintiff was terminated, an adverse employment action, in retaliation for statutorily protected conduct by filing workers compensation claim, and two medical related grievances. A causal connection exists between the protected activity and adverse employment action. The plaintiff was

1   terminated within two weeks of giving United Airlines a return to work
2   notice. A return to work would have placed plaintiff in automatic payroll
3   deduction for dues. The union did not approve of her filing a workers
4   compensation claim, of going "to the outside" as Sue Cook stated.
5   Termination due to union dues was a pretext. It follows that this is also
6   a Retaliation claim against the union as an employer. The Association of
7   Flight Attendants may be considered an employer Under Title VII, as it is
8   an interstate commerce and has at least 15 employees.  42 U.S.C. §
9   2000e(b).
10  32.   The defendant Company representative, Paula DiMartino, discriminated
11  against employee in violation of Title VII when they refused to
12  acknowledge or process her workers compensation claim for work-related
13  Post Traumatic Stress Disorder until ordered by the Massachusetts
14  Department of Industrial Accidents. The Company withdrew their Appeal of
15  Conference Order in July 2003, within one month of employee's termination.
16  United Airline's representing attorney, Scott Smith, in a letter dated May
17  23, 2003 stated "I am returning this original [dues] invoice to you as
18  United is not required to pay your union dues as part of the worker's
19  compensation case."
20  33.   This is a cause of action for discharge in retaliation for filing a
21  workers compensation claim.
22  34.   This is a cause of action to recover workers' compensation benefits for
23  injury resulting from aggravation or acceleration of, or combination with,
24  pre-existing condition. The plaintiff sustained disability, post-traumatic
25  stress, was awarded by Department of Industrial Accidents for March 2003.
    The medical condition, in fact, was treated from March 2002 through the

date of discharge, August 2003. The plaintiff requests that the defendant company records reflect her medical leave as a workers compensation leave for her absence from October 2002 through August 2003.

35.    Title VII Liability for the Union as a Labor Organization. Title VII liability is established pursuant to 42 U.S.C. § 2000e-2(c) and/or 2000e-3. There is still a violation of Title VII without violation of the duty of fair representation as the union failed to pursue issues against Company, and is liable by acquiescence of Company's misconduct in not furthering union grievances on medical leave and policy. Defendant Boston Union representatives Karen Scopa, and Sue Cook, and union international treasurer Paul MacKinnon created a hostile environment related to union membership in their handling or lack of handling of grievance issues thereby ratifying Defendant Company's removal of the Plaintiff from her position as a flight attendant.

36.    Americans with Disabilities Act 42 USC Sec. 12112(b)(5)(A). When Defendant Company representative Paula DiMartino, of  United Airlines refused to allow the plaintiff Intermittent Family Medical Leave to accommodate for her work-related Post Traumatic Stress Disorder, they did not make reasonable accommodation to the known mental limitation of an otherwise qualified individual with a disability who is an employee of the company (violating the Americans with Disabilities Act). This would include a modified work schedule. Instead the Defendant "removed" the plaintiff from her flying schedule on October 9, 2002.  The plaintiff's removal from work increased her Post Traumatic Stress Disorder and depression. 42 U.S.C. § 12203(a), respectively.  The ADA also includes a provision stating: "It shall be unlawful to coerce, intimidate, threaten,

or interfere with any individual in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by [the ADA]."

37.    The Defendant Paula DiMartino of United Airlines violated Family Medical Leave Act by coercing plaintiff into full time continuous medical leave in October 2002 rather than allowing her intermittent Family Medical Leave as requested by her medical provider. Defendant Union was culpable in not processing her grievance of October 2002, on the Family Medical Leave matter which resulted in her loss of employment, income, ability to pay union dues, and afford her due process with the U.S. Department of Labor.

38.    29 CFR Sec. 1630.15 In absence of accommodation, the plaintiff filed a grievance with the Defendant union. The union did not process the grievance. But for the negligence of the Union in filing the grievance, and defendant Company's refusal to accommodate the plaintiff's disability, the plaintiff lost the opportunity to return to work which would have permitted her to pay union dues. The Association of Flight Attendants violated 29 CFR Sec. 1630 when it refused to represent the plaintiff in acknowledging her Family Medical Leave grievance.  The disability could have been reasonably accommodated by Company policy that was already sanctioned (furlough, intermittent medical leave). The plaintiff was forced to use all her family medical leave in one continuous period, leaving the rest of her medical leave in an unprotected status.

39.    Plaintiff alleges that the Collective Bargaining Agreement is an unconscionable contract for members in regards to discharge for failure to

1   pay union dues. The Collective Bargaining Agreement is inconsistent and

2   ambiguous, violating the respective AFA Articles of Incorporation, and

3   U.S. Labor Law. Members arbitrarily placed in "bad standing" are

4   apparently fully ostracized from the union grievance process making it

5   impossible for them to proceed administratively within the Defendant union

6   and Company in actions against them.

7   40.   Complaint – by union member expelled for exercise of rights under sec.

8   101(a)(2) of LMRDA – for reinstatement, injunction, and compensatory and

9   punitive damages [29 USCA sec. 411(a)(2), 412, 529; Fed R Civ P 8(a), 65].

10  Plaintiff, a resident of the City of Concord, State of Massachusetts,

11  brings this action under, and jurisdiction is conferred on this Court by,

12  the provisions of sections 101(a)(2), 102, and 609 of the Labor-Management

13  Reporting and Disclosure Act of 1959 (29 USCA sec. 411(a)(2), 412 and

14  529), hereinafter referred to as the LMRDA.

15  41.   Plaintiff was a member of defendant Association of Flight Attendants

16  Local Council 27, an unincorporated association, hereinafter referred to

17  as defendant local union.

18  42.   The violations of the LMRDA hereinafter alleged occurred in the City of

19  Boston, State of Massachusetts, within the territorial jurisdiction of

20  this court.

21  43.   The defendant local union Association of Flight Attendants is the

22  collective bargaining representative of employees, including this

23  plaintiff, of United Airlines Corporation, certified as such under the

24  provisions of the National Labor Relations Act, as amended (29 USCA sects

25  151 et seq) or is recognized as the collective bargaining representative

    of employees, including this plaintiff, of United Airlines Corporation an

1    employer engaged in an industry affecting commerce within the meaning of

2    sec. 3(j)(2) of the LMRDA (29 USCA sec. 4102 (j)(2)), and is therefor, a

3    labor organization engaged in an industry affecting commerce within the

4    meaning of sec. 3(j)(1) of the LMRDA [29 USCA sec. 402 (j)(1)].

5    44.    The individual defendants, Karen Scopa, and Sue Cook, are respectively

6    the President and Secretary of defendant local union, whose principal

7    place of business is in the City of Boston, State of Massachusetts, within

8    the territorial jurisdiction of this Court.

9    45.    On or about May 16, 2003, plaintiff was served by defendant union

10   notice of purported charges, alleging that the union had not heard from

11   plaintiff regarding payment of union dues (balance due $117.). Copied on

12   letter were MEC president of United Airlines and LEC President Council 27

13   (Karen Scopa). On May 5, union President Karen Scopa and Sue Cook left a

14   conference call message running on plaintiff's answer machine saying

15   "She's gone to the outside" and other derogatory comments.

16   46.    Plaintiff alleges that such charges were wholly spurious and were

17   instigated by the individual defendants in reprisal for statements made by

18   plaintiff, outside union meetings, criticizing said defendants' conduct in

19   their capacity as officials of defendant local union in not filing

20   grievances. The plaintiff reporting the defendant's conduct to the union

21   Employee Assistant Program were protected by the provisions of sec.

22   101(a)(2) of the LMRDA (29 USCA sec. 411(a)(2)); the actions of defendant

23   local union in expelling plaintiff from membership by placing her in bad

24   standing and of the individual defendants in instigating plaintiff's

25   discharge under that section and under sec. 609 of the Act (29 USCA sect.

529); and plaintiff is accorded the right under section 102 of the LMRDA

1  51.    Defendant Union and Company violated Personnel Records Law

2      (Massachusetts General Laws Chapter 149, section 52C) and the Labor

3      Management Reporting and Disclosures Act, when each refused to acknowledge

4      a request from plaintiff for a copy of her personnel file and records

5      related to union dues. The Company continued to violate law when attention

6      was requested in letter to Mr. Frank Colosi, on November 26, 2003 from

7      Assistant Attorney General Rosalyn Garbose. Therefore plaintiff requests a

8      supoena deuces tecum for files.

9  52.    Plaintiff respectfully requests a supoena deuces tecum for production

10      of all documents and disposition related to plaintiff from the Association

11      of Flight Attendants, information on the number of waivers of union dues

12      granted other flight attendants, the number of dues deferrals given, other

13      methods processed on dues delinquency and the circumstances, and

14      information on the processing of her grievances.

15  53.    Plaintiff respectfully requests an injunction to return to work as a

16      flight attendant pending investigation.

17  54.    As a result of plaintiff's discharge by Company, in violation of

18      plaintiff's rights under the collective bargaining agreement, and in

19      breach by defendant Union of its duty of fair representation owing to

20      plaintiff, as alleged above, plaintiff has suffered grievous and extensive

21      damages, as follows: Loss of wages ($1723-$2,266 per month), past and

22      future, loss of per diem pay (approximately $400 per month), loss of

23      health coverage including cost to pay for future operation and care of a

24      brain tumor ($300,000), of health coverage and cost for future medical

25      care on findings from mammography irregularity ($100,000), of company life

      insurance coverage ($74,000), loss of opportunity to attend vocational

COMPLAINT - 19

1  training ($75,000.). Anticipated monies for court costs (current, remand,

2  appeal) ($100,000).

3  55.    The plaintiff requests a trial by jury.

4  56.    Wherefore, plaintiff prays that the Union and United Airlines set out

5  in writing legal employment rights afforded those members who are in "bad

6  standing" with the union, and/or those employees who choose not to be a

7  member of the union. This would be akin to A "bill of rights" under Title

8  I of the LMRDA, which safeguards against improper disciplinary action from

9  the union. This would include procedural rights of union members in union

10  disciplinary proceedings. This should also include an unambiguous written

11  procedure for those employees who believe they have been part of an unfair

12  or defective proceeding of the labor union in expelling, suspending, or

13  terminating them.

14  57.    Plaintiff desires to be reinstated to her former job at defendant

15  Company in a non-hostile environment, without attempt of termination

16  during flight attendant certification training, and alleges that she is

17  entitled to such reinstatement retroactive to the date of her discharge,

18  without any break in her seniority. Plaintiff also prayers for relief in

19  the above amounts ($700,000) damages, compensatory and punitive damages.

20

21                              Dated this 23rd day of February, 2004

22                              *Harriet Menezes*
                                Harriet Menezes
23                              169 Thoreau Street,
                                Apt. 8
24                              Concord, MA 01742
                                Pro Se
25                              (978)369-4693

COMPLAINT - 20