UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Harriet Menezes )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Association of Flight Attendants, CWA, )<br>AFL, CIO, and Karen Scopa, individually )<br>and as President of Association of Flight )<br>Attendants Boston, Sue Cook individually )<br>and as representative Secretary Association )<br>of Flight Attendant Boston and Steve )<br>Fontakis, individually and as Manager at )<br>United Airlines, and Paula DiMartino as )<br>Administrative Supervisor at United )<br>Airlines ,)<br>    Defendants. )<br>) | C.A. No. 04-10365 JLT |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF
PAULA DIMARTINO'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Defendant Paula DiMartino submits the following statement of material facts as to which there is no genuine dispute to be tried.[1]

**Background**

1.    Defendant Paula DiMartino ("DiMartino") is presently on furlough from her employment with United Airlines Corporation ("United" or the "Company"). Ms. DiMartino has been on furlough since May 28, 2003, and is not currently an active United employee. DiMartino was United's On-Board Administrative Supervisor from September 26, 1999 until May 28, 2003, working out of United's facilities at Boston Logan Airport. Affidavit of Paula DiMartino ("DiMartino Aff."), ¶ 1.

---

[1] For purposes of this motion only, the factual allegations in Plaintiffs' Complaint are taken as true.

2. DiMartino was not an officer of United, did not exercise the functions of or authorities of an officer of the Company ,and was not a signatory to the Association of Flight Attendants – United Collective Bargaining Agreement. DiMartino Aff ¶ 3.

3. United is a corporation organized and existing under the laws of the State of Delaware, and has its principal office and place of business located in Elk Grove, Illinois. United is a common carrier by air engaged in domestic and international commerce. Affidavit of Frank Colosi ("Colosi Aff."), ¶ 4.

## Menezes' Employment with United Airlines

4. Menezes began her employment with United as a Flight Attendant on April 17, 1999. Colosi Aff. ¶ 5.

5. As a Flight Attendant, Menezes was a member of the Association of Flight Attendants, CWA, AFL-CIO (the "Union" or "AFA"). Complaint ¶ 7.

## Menezes' Request for Medical Leave

6. Sometime before September 18, 2002, Menezes sought intermittent family and medical leave citing stress after the events of September 11, 2001. Complaint ¶ 8.

7. As of September 1, 2002, Menezes worked only 693.37 hours in the previous 12 months. Colosi Aff. ¶ 7.

8. On September 18, 2002, DiMartino confirmed that United had approved Menezes' medical leave request under United's family and medical policy on a continuous basis. Complaint ¶ 8.

9. On October 31, 2002 Menezes e-mailed her Union regarding a grievance that United had denied her intermittent medical leave request. Complaint ¶ 8.

**Menezes' Failure to Pay Union Dues**

10. On April 18, 2003, the AFA notified Menezes in writing that she was in bad standing with the Union due to her failure to pay dues totaling $156. Complaint ¶ 11.

11. Section 30 of the AFA-United collective bargaining agreement sets out the requirement for members to pay dues, the consequences for failing to do so, and the process to be followed in the event of non-payment. Complaint ¶ 15; CBA § 30, excerpts attached to the Colosi Aff. as Exhibit B.

12. Between May 16, 2003, and August 1, 2003, the Union sent Menezes multiple letters advising her that she must pay her overdue dues. Complaint ¶ 11.

13. On August 4, 2003, the AFA sent a letter to United requesting that United terminate Menezes' employment pursuant to the terms of the collective bargaining agreement for failing to pay her dues. Complaint ¶ 11.

14. On August 14, 2003, Menezes contested the AFA's request. Complaint ¶ 11.

15. On August 27, 2003, Mr. Colosi determined that Menezes received the required notifications and had not resolved her delinquency. Therefore, he advised Menezes that he was obligated to terminate her employment effective August 29, 2003. Complaint ¶ 11.

16. Section 30 of the AFA/United collective bargaining agreement, entitled Union Security, explains the procedures for grieving a discharge resulting from delinquency in the payment of union dues. This section provides union members who dispute their discharge the opportunity to file a grievance within 5 days of the notification of discharge. If, after a response on the grievance, the member is still dissatisfied with the adverse decision, she has an additional 10 days in which to file an appeal. Complaint ¶ 15; CBA § 30.

17. On November 19, 2003, more than two months after she received notice of her termination, Plaintiff sent a letter to Mr. Colosi requesting an appeal. Mr. Colosi notified Plaintiff in writing on January 15, 2004, that he was denying her appeal as untimely. Colosi Aff. ¶ 9.

## Failure to File Administrative Charges

18. Neither United nor Ms. DiMartino has ever received notice of a Charge of Discrimination filed by Menezes against them with either the U.S. Equal Employment Opportunity Commission or the Massachusetts Commission Against Discrimination. Colosi Aff. ¶ 10; DiMartino Aff. ¶ 4.

19. Menezes filed her complaint on February 23, 2004 and the Court issued a Summons on July 1, 2004. Complaint.

    Respectfully submitted,

    PAULA DIMARTINO,
    By her attorneys,

    /s/ Yvette Politis
    Brigitte Duffy (BBO No. 565724)
    Yvette Politis (BBO No. 644986)
    SEYFARTH SHAW
    World Trade Center East
    Two Seaport Lane, Suite 300
    Boston, MA 02210

Dated: September 23, 2004    (617) 946-4800

BO1 15667356.3