```
Pro Se
Harriet Menezes
169 Thoreau Street, Apt. 8
Concord, MA 01742
```

FILED
IN CLERKS OFFICE

2004 SEP 30  A 11: 05

U.S. DISTRICT COURT
DISTRICT OF MASS.

Harriet Menezes,                          ) Civil Action
                                          )
         Plaintiff,                       ) Case No.: 04-10365 JLT
                                          )
    vs.                                   )
                                          )
Association of Flight Attendants,         )
CWA, AFL-CIO, and Karen Scopa             )
individually and as President of          )
Association of Flight Attendants          )
Boston, Sue Cook individually and as      )
representative Secretary Association      )
of Flight Attendant Boston                )
                                          )
                                          )
and Steve Fontakis individually and       )
as Manager at United Airlines

and Paula DiMartino as Administrative
Supervisor at United Airlines
         Defendants

---

MOTION FOR CONTINUANCE

1. I respectfully ask the court to defer ruling on MOTION for Summary Judgment by Paula DiMartino so that I may start discovery and obtain opposing affidavits (Fed. R. Civ. P. 56(f)), in order to respond in Opposition to the Motion for Summary Judgments. As the discovery is lengthy, and I may need Subpoenas to obtain the information, I request an

MOTION - 1

extension of time to respond to Motion for Summary Judgment for period of 40-60 days. Whether this is a stay or continuance, I don't know.

2. Nature of uncompleted discovery in terms of facts sought: A request from Counsel (Atty. Brigitte Duffy, Atty. Yvette Politis) to list all working hours as described below and to define where "693.37 hours" derived from. What constitutes work hours of Counsel's quoted "693.37 hours" (quoted pg. 2 in "Statement of Material Facts not in Dispute in Support of Paula DiMartino's Motion for Summary Judgment"), (quoted pg. 2. of "Affidavit of Frank Colosi"), (referenced on pg. 3 of "Paula Dimartino's Memorandum in Support of her Motion for Summary Judgment"). Counsel neglected to include all types of work hours of my typical flight attendant's three day trips to include work time away from base when a flight attendant is required to be away on a business trip from the moment I check in for a trip to the moment I check-out back to the Domicile in Boston, to include working ground time when a flight attendant is required to be on board with passengers prior to take-off and deplaning, to include work duty time where a flight attendant is only paid per diem, etc. How the facts sought are reasonably expected to create a genuine issue of material fact: The facts will show that I worked far greater than 693.37 hours, and the hours listed are only flight hours when a flight attendant is paid for airborne time. Efforts made thus far to obtain the sought facts are that I have copies of my flight reports for 2002. Reasons why previous fact-finding efforts have been unsuccessful are because I am waiting for the discovery process to begin.

3. Nature of uncompleted discovery in terms of facts sought: Opposition Affidavit of Attorney General Tom Riley's office where I sought help

MOTION - 2

regarding Mr. Colosi's (of United Airlines) non-response to my original September 29, letter referenced in "Affidavit of Frank Colosi in Support of Defendant Paula DiMartino's Motion for Summary Judgment" for Counsel to produce Mr. Colosi's letter allegedly dated September 29, 2003, which will show that there is a revision bar across that date as it was a second request. How the facts sought are reasonably expected to create a genuine issue of material fact will show that Mr. Colosi received yet ignored the original September 29, 2003 appeal and request for personnel files. The facts will show that Counsel erred in stating, (on pg. 6 of her memorandum), "The letter was dated September 29, 2003 but not postmarked until November 15, 2003." Efforts made thus far to obtain the sought facts: Counsel provided second letter of appeal as Exhibit C. And, contrary to Counsel's statement, (pg. 3 of supporting memorandum), that "The Massachusetts Attorney General's Office would have to pursue the claims against United and it has not done so", the facts will show that the Attorney General's office had done so with a letter dated November 26, 2003 to Frank Colosi from Assistant Attorney General, Rosalyn Garbose.

4. Nature of uncompleted discovery in terms of facts sought: From United Airlines, including the documentation in files of Mr. Frank Colosi regarding me, what happened to article number 7002 0460 0002 7962 1369, sent to United Airlines, World Headquarters, 1200 E. Algonquin Road, Elk Grove Township, IL 60007, Attn: Frank Colosi, Labor relations, and signed received on 10-3-03. How the facts sought are reasonably expected to create a genuine issue of material fact: Mr. Frank Colosi's [a Defendant to case 1:04-cv-10366] affidavit holds falsehoods regarding a September 29 letter, and thus my attempts at going through an administrative and

grievance process. Reasons why previous fact-finding efforts have been unsuccessful are because the Association of Flight Attendants and United Airlines fail to respond to direct requests.

5. Nature of uncompleted discovery in terms of facts sought from the Association of Flight Attendants, United Airlines, and government agencies. Grievance appeal attempts with phone records, electronic, and written records. How the facts sought are reasonably expected to create a genuine issue of material fact. Contrary to paragraph 9, page 2, Mr. Colosi's Affidavit, the facts will show that I attempted to appeal my termination less than two months after notice was given. Previous fact-finding efforts have been unsuccessful because the Association of Flight Attendants ignored my September written request for a copy of my personnel file, as did Mr. Colosi, which is why Attorney General Tom Reilly's office interceded on my behalf.

6. Nature of uncompleted discovery in terms of facts sought: The date of the copied union security clause that Counsel has copied as Exhibit B, pg. 192-196, from Counsel. How the facts sought are reasonably expected to create a genuine issue of material fact: Whether Counsel and Plaintiff are referencing same contract language. Efforts made thus far to obtain the sought facts are I have contract language copied from Internet on October 2003. Reasons why previous fact-finding efforts have been unsuccessful: I do not know when the contract is revised.

7. Nature of uncompleted discovery in terms of facts sought: Complete copy of file from the Association of Flight Attendants, record of memos, and record of phone calls from local Boston and international Washington, D.C. office. How the facts sought are reasonably expected to create a genuine

MOTION - 4

issue of material fact. Contrary to Counsel's statement (in Paula DiMartino's Memorandum in Support of her Motion for Summary Judgment, pg. 1), that I "failed to remedy that breach despite opportunities to do so", the facts will show that I attempted to remedy the breach but was stonewalled by the Union and United Airlines thus I was not afforded the opportunity. Efforts made thus far to obtain the sought facts are I attempted to retrieve a copy of my file from the Association of Flight Attendants in September 2003. When they ignored my request, I asked for the intersession of Attorney General's Tom Reilly's office. Reasons why previous fact-finding efforts have been unsuccessful are because the Association of Flight Attendants did not respond to my requests.

8. Nature of uncompleted discovery in terms of facts sought from the Equal Employment Opportunity Commission, JFK Fed'l Office Bldg, Government Center, Room 475, Boston, MA 02203, intake information from a claim sent to them certified mail on October 28, 2003. How the facts sought are reasonably expected to create a genuine issue of material fact: Contrary to Counsel's statement (in Paula DiMartino's Memorandum in Support of her Motion for Summary Judgment, pg. 3), that I "failed to exhaust her administration remedies"), the facts will show that I attempted to exhaust my administrative remedies. Efforts made thus far to obtain the sought facts. Reasons why previous fact-finding efforts have been unsuccessful.

9. Nature of uncompleted discovery in terms of facts sought an opposition Affidavit from Massachusetts Office of Discrimination, 1 Asburton, Room 305, Boston MA 02108. How the facts sought are reasonably expected to create a genuine issue of material fact. The facts will show that I went

through the administrative process and thus attempted to exhaust my administrative remedies.

10. Nature of uncompleted discovery in terms of facts sought documentation from United Airlines showing I requested my leave be converted to worker's compensation after ruling from Massachusetts Department of Industrial Accidents. How the facts sought are reasonably expected to create a genuine issue of material fact: The facts will show that the Department of Industrial Accidents (DIA) ruled my illness as work related, but United did not change its records to reflect that thus I brought it up as a civil action after going through the DIA process. Efforts made thus far are that I have the court ruling from the DIA.

Dated this 30th day of September, 2004

Harriet Menezes
169 Thoreau Street, 8
Concord, MA 01742
Pro Se
(978)369-4693

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Plaintiff's Motion for Continuance has been served upon the Defendant's attorneys by regular first class mail, 1) Brigitte Duffy & Yvette Politis, Seyfarth Shaw, World Trade Center East, Two Seaport Lane, Suite 300, Boston, MA 02210: 2) Mary T. Sullivan, at Segal Roitman & Coleman, 11 Beacon Street, Suite 500, Boston, MA 02018: 3) Edward J. Gilmartin, Esq., Association of Flight Attendants-CWA, AFL-CIO, 501 Third Street, NW, 9th Floor, Washington, DC 20001.

Dated this 30th day of September, 2004

Harriet Menezes
169 Thoreau Street, 8
Concord, MA 01742
Pro Se
(978)369-4693