UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Harriet Menezes | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Association of Flight Attendants, CWA, | ) | |
| AFL, CIO, and Karen Scopa, individually | ) | |
| and as President of Association of Flight | ) | C.A. No. 04-10365 JLT |
| Attendants Boston, Sue Cook individually | ) | |
| and as representative Secretary Association | ) | |
| of Flight Attendant Boston and Steve | ) | |
| Fontakis, individually and as Manager at | ) | |
| United Airlines, and Paula DiMartino as | ) | |
| Administrative Supervisor at United Airlines | ) | |
| Defendants. | ) | |

**PAULA DIMARTINO'S OPPOSITION TO MENEZES'S
MOTION TO REOPEN CASE**

Defendant Paula DiMartino hereby opposes Plaintiff Harriet Menezes's ("Menezes")

Motion to Reopen Case ("Motion"). In her Motion, Menezes, a United Airlines ("United") flight

attendant, seeks to reopen two separate actions that the parties voluntarily dismissed more than a

year ago after reaching a settlement, thereby attempting to embroil the Court in a dispute over

the terms of the settlement agreement. Menezes's Motion fails because this Court lacks

jurisdiction to interpret and enforce the settlement agreement and Menezes has otherwise failed

to establish any basis for this Court to relieve her from the dismissal with prejudice entered in

these matters more than one year ago.

**FACTUAL BACKGROUND**

On February 23, 2004, Menezes filed this action in which she challenged United's

termination of her employment, at her union's request, for failure to pay union dues. The

BO1 15759808.5

Complaint set forth a variety of claims against Defendant Paula DiMartino ("DiMartino"), a

United supervisor, and four additionally named defendants, including her union, the Association

of Flight Attendants ("AFA").[1]  Menezes alleged, among other things, that DiMartino terminated

her employment in violation of state and federal disability laws and federal labor law.  On the

same day, Menezes filed a second action in which she named United, two of its management

employees, and several AFA officials as defendants, Menezes v. United Airlines, et al., Civil

Action No. 04-10366-JLT.  In September 2004, all defendants sought dismissal of and/or

summary judgment on both complaints.  On October 6, 2004, the Court deferred ruling on the

motions, stayed further proceedings, and ordered the parties to return on November 8, 2004 for a

settlement conference.

On November 8, 2004, after engaging in negotiations, the parties reported to the Court

that they had reached a settlement of all Menezes's claims, a component of which settlement was

United's agreement to reinstate to Menezes to her position as Flight Attendant.  On November

23, 2004, Menezes executed a Confidential Settlement Agreement and Release ("Settlement

Agreement") as well as Stipulations of Dismissal for each action.  On January 7, 2005, after

obtaining the signatures of the many remaining parties involved in the settlement, the parties

filed the Stipulations of Dismissal in which they agreed to the dismissal of both cases with

prejudice and waiving all rights of appeal.  The Court formally terminated both cases on January

10, 2005.

Since resuming her employment with United, Menezes has apparently become

dissatisfied with the terms of the Settlement Agreement she signed.  Specifically, in her Motion

---

[1] In her original complaint, Plaintiff also named as a defendant Steve Fontakis, another supervisory employee at United.  Fontakis was never served in that action, but was a party to the settlement agreement executed by Menezes.

BO1 15759808.5

filed on January 13, 2006 – <u>more than one year after this case was dismissed</u> – Menezes moves

to reopen these cases because she apparently disagrees with United's understanding of the terms

of the Settlement Agreement.  She complains that United refuses to "expunge" records in her

personnel file **-** a requirement that she does not contend is found in the Settlement Agreement **-**

and asks that the Court "review" the Settlement Agreement.  Plaintiff's Motion, at 1.  Further,

she claims that "[c]lauses in the Agreement prohibit Plaintiff from defending herself against

United's progressive disciplinary policy thereby creating unconscionable results."[2]  Plaintiff's

Motion, at 1.

**ARGUMENT**

**I.    THIS COURT LACKS JURISDICTION TO HEAR THIS MATTER.**

Although styled as a Rule 60 Motion, Menezes's Motion plainly seeks this Court's

intervention in a dispute concerning the terms of the Settlement Agreement.  The United States

Supreme Court has considered this issue and clearly held that in analogous circumstances the

District Court simply lacks the jurisdiction to consider Plaintiff's requests.

In <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 511 U.S. 375, 114 S. Ct. 1673

(1994), the parties reached an agreement resolving their dispute and subsequently filed a

stipulation pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure dismissing the

complaint and cross-complaint.  The stipulation did not reserve the trial court's jurisdiction and

made no reference to the settlement agreement executed by the parties.  <u>Id</u>., at 376-77, 114 S. Ct.

at 1674-75.  After the parties disagreed about one party's obligations to return files, the other

party moved in the District Court to enforce the settlement agreement.  <u>Id</u>. at 377, 114 S. Ct. at

1675.  While the trial court found that it had inherent authority to decide the motion, the

---

[2] The disciplinary procedures United applies to Flight Attendants are specified in the collective bargaining agreement entered into by the AFA and United.

3

Supreme Court ultimately rejected that holding, finding that enforcement of a settlement

agreement, whether through an award of damages or decree of specific performance, "is more

than just a continuation or renewal of the dismissed suit and hence requires its own basis for

jurisdiction." Id., at 378, 114 S. Ct. at 1675.  Subject matter jurisdiction may be independent or

ancillary.  Absent an independent basis for federal jurisdiction, dismissal-producing settlement

agreements are not enforceable in federal court unless the district court has ensured its

continuing ancillary jurisdiction by making the parties' obligation to comply with the settlement

agreement part of the order of dismissal.  Id., at 381-82, 114 S. Ct. at 1677.  A district court can

do so by either including a provision explicitly retaining jurisdiction over the settlement

agreement or by incorporating the terms of the settlement agreement in the court's order.  Id.; see

also Pratt v. Philbrook, 109 F.3d 18, 21 n.5 (1st Cir. 1997) (sixty-day order procedures is a

"mechanism for the trial courts to bring cases to closure while retaining jurisdiction to enforce a

settlement for a period of time after closure is announced"); Flebotte v. Dow Jones & Co., 2001

U.S. Dist. LEXIS 21327 * 6 (D. Mass. 2001) (court expressly retained jurisdiction for 60 days

and neither party objection or insisted on its right to an unconditional dismissal) .

     Because Menezes does not and cannot point to any basis upon which this Court retained

jurisdiction over the settlement of her claims, her efforts to have the Court, in essence, revise the

terms of the Settlement Agreement must also be denied.  In this case, review of the Stipulations

of Dismissal filed by the Parties reveals that the Court did not retain jurisdiction  to enforce or

interpret the terms of the Settlement Agreement.  (Copies attached as Exhibit 1.)[3]  Rather, they

confirm that Menezes and the other parties agreed to dismiss the cases with prejudice and the

Court did not retain jurisdiction over them.  Consequently, the Court lacks jurisdiction to hear

---

[3] DiMartino attaches copies of the Stipulations of Dismissal containing Menezes' original
signatures and the Stipulations of Dismissal that were electronically filed with the Court.

4

Menezes's arguments that United has not abided by the terms of the agreement the parties reached.

**II.      MENEZES CANNOT PREVAIL ON A RULE 60 MOTION.**

Even assuming Rule 60(b) provided an appropriate vehicle for challenging United's interpretation of the Settlement Agreement, such a motion provides "extraordinary relief" and will be "granted only under extraordinary circumstances." Capizzi v. States Resources Corp., 2005 WL 113679, *3 (D. Mass., Jan. 20, 2005); Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986).  Based on her Motion, it appears that Menezes argues that this Court should grant a Rule 60(b) motion based on fraud.  See Fed. R. Civ. P. 60(b).  When a plaintiff seeks to reopen a case based on fraud, however, such claim must be brought within one year after the dismissal was entered and the case terminated.  Id.  Here, Menezes's Motion must fail because she sought to reopen this case more than one year after the case was dismissed on January 10, 2005.

Further, Menezes's Motion fails because she has adduced no evidence of fraud.  Aside from several self-serving statements regarding negotiations with opposing counsel, Menezes's Motion is devoid of any evidence of at all.  While Menezes claims that she was "induced into signing an unconscionable Settlement Agreement by fraudulent and misleading representations made in bad faith," she failed to provide any evidence to support that allegation.[4]  It is notable, however, that when the parties initially reported the settlement to the Court on November 8, 2004, defendants made clear in open Court that because Menezes is over age 40, the Settlement Agreement would have to comply with the Older Workers Benefit Protection Act of 1990, 29 U.S. C. 621, et seq.  The statute imposes significant requirements on valid releases of age

---

[4] The parties agreed that the specific terms of the Settlement Agreement and the negotiations leading up to it would be confidential.  Should the Court seek to explore Menezes's unfounded allegations, DiMartino would request that the Court allow the parties to file any affidavits and documents under seal to protect the parties' interest in keeping settlement negotiations and terms confidential.

5

BO1 15759808.5

discrimination claims, including a requirement that individuals have twenty-one days to consider

whether to sign an agreement and have seven days to revoke their signature after signing.  29

U.S.C. §626(f).  In short, nothing that Menezes has submitted to the Court suggests that there is

any basis to conclude that Menezes is entitled to such extraordinary relief as reopening the

dismissal she willingly accepted.

**Conclusion**

For the reasons set forth above, DiMartino respectfully requests that the Court deny

Plaintiff's Motion to Reopen.

> Respectfully submitted,
>
> PAULA DIMARTINO,
> By her attorneys,
>
> /s/ Yvette Politis
> Brigitte Duffy (BBO No. 565724)
> Yvette Politis (BBO No. 644986)
> SEYFARTH SHAW
> World Trade Center East
> Two Seaport Lane, Suite 300
> Boston, MA 02210
> (617) 946-4800

Dated:  February 2, 2006

**Certificate of Service**

I, Yvette Politis, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 2, 2006.

> /s/ Yvette Politis
> Yvette Politis

6
